**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Mario Reyes (#B-72153), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17 C 7009 |
| v. | ) | |
| | ) | Judge Amy J. St. Eve |
| Cook County Employees, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $28.27 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court shall send a copy of this order to the trust fund officer at Western Illinois Correctional Center. The Court, however, dismisses Cook County Employees, CCDOC, and Consolin as Defendants. Plaintiff's "Third Incident" is dismissed as a claim in this suit. The Court further directs the Clerk of Court to: (1) file Plaintiff's complaint [1], (2) issue summonses for service on Defendants Dart, Reyes, Harris, Booker, and Jones by the U.S. Marshal and (3) send Plaintiff five blank USM-285 service forms, a magistrate judge consent form, filing instructions, and a copy of this order. The Court advises Plaintiff that a completed USM-285 (service) form is required for each named Defendant. The U.S. Marshal will not attempt service on a Defendant unless and until the required forms are received. The U.S. Marshal is appointed to serve the Defendants. Plaintiff's motion for attorney representation [4] is denied without prejudice to renewal later in this case.

## STATEMENT

Plaintiff Mario Reyes, a prisoner confined at Western Illinois Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges violation of his First Amendment right to practice his religion, a violation of his Eighth Amendment right to be free from cruel and unusual punishment due to the conditions of confinement, and retaliation and failure to protect him from inmate violence at the Cook County Jail. Currently before the Court are Plaintiff's application to proceed *in forma pauperis*, his complaint for initial review under 28 U.S.C. § 1915A, and his motion for attorney representation.

Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $28.27 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty

percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Plaintiff alleges three separate claims. First, he alleges that beginning on September 8, 2016, he was denied religious accommodation at the Cook County Jail. (Dkt. 1, p. 9.) Plaintiff alleges that he requested numerous times to participate in religious services and was told that no religious programs were allowed in Division 6 of the Jail. (*Id*. at p. 10.) When Plaintiff complained, he alleges, he was told that if he did not like it he would be accommodated by being placed in segregation. (*Id*.) Plaintiff also alleges that due to his mental illness participation in religious activities has been a great comfort to him in the past. (*Id*.) Plaintiff alleges that he filed grievances and otherwise complained to Defendants Dart, Harris, and Jones, and they did nothing to assist him with the problem. (*Id*. at p. 11.) Plaintiff alleges that in response to his complaints he was again threatened with segregation and with physical violence. (*Id*.)

Second, Plaintiff alleges Plaintiff alleges that on May 20, 2017, after using a toenail clipper from the barber facility Plaintiff showered in Division 3A of the Cook County Jail. (*Id*. at p. 14.)

[2]

Plaintiff alleges after showering he suffered a severe infection under his toenail that required medical care including cutting his foot open to drain the puss generated by the infection. (*Id.*) Plaintiff complained to Defendants Dart, Reyes, and Booker regarding the conditions of confinement in Division 3A. (*Id.*) Plaintiff asserts that the showers are not cleaned properly, back up and flood continuously, are covered in mold and mildew, and contain urine, hair, and bacteria. (*Id.* at p. 15.) Plaintiff alleges that although work orders were generated to fix and properly clean the showers, no work was ever completed. (*Id.*)

Third, Plaintiff alleges that on May 25, 2017, a fellow inmate attacked him in Division 10 of the Jail and he suffered a broken hand. (*Id.* at p. 17.) Plaintiff alleges he had previously filed a grievance complaining that he was unsafe in Division 10 because he had filed a lawsuit against Defendants who worked in Division 10, and Tom Dart, and he was concerned about retaliation from the Defendants in that prior suit. (*Id.*) Plaintiff alleges that unnamed correctional staff in Division 10 told other inmates that Plaintiff was a "snitch" and invited them to inflict physical harm on Plaintiff. (*Id.*) Plaintiff alleges that he was warned by Hispanic inmates that correctional staff was telling African-American inmates that if they wanted "favors," they would attack Plaintiff. (*Id.*) Plaintiff alleges he complained to unnamed staff, but nothing was done to assist him. (*Id.*)

Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states two actionable federal claims. First, Plaintiff has stated a claim for violation of his First Amendment right to practice his religion. Pursuant to the First Amendment, prisoners "retain the right to practice their religion to the extent that such practice is compatible with the legitimate penological demands of the state." *Al-Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991). Plaintiff alleges that he was denied religious accommodation and when he complained to Defendants Dart, Harris, and Jones he was threatened with segregation and physical violence, and they did nothing to assist in accommodating his religious practice. Accordingly, Plaintiff has stated a claim for First Amendment violation against Defendants Dart, Harris, and Jones.

The Court notes that Plaintiff frames his complaints in terms of filed grievances. To the extent that Plaintiff is discontented with the process applied to his attempted grievances, he has no substantive due process right to a grievance procedure, and thus does not state a claim against Defendants solely for their failure to process his grievances in the way he would have liked. *See Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Rather, the Court is permitting Plaintiff's First Amendment claim to proceed because Plaintiff has sufficiently pleaded that these Defendants were aware of the problem and did nothing to correct it.

Plaintiff also states a claim for unconstitutional conditions of confinement. The Fourteenth Amendment's Due Process Clause governs a pretrial detainee's claims based on purported unconstitutional conditions of confinement. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). Since the protections under the Fourteenth Amendment's Due Process Clause are at least as broad as those under the Eighth Amendment for convicted prisoners, courts look to Eighth

[3]

Amendment case law when addressing a pretrial detainee's conditions of confinement claim. *Rice v. Correctional Med. Serv.*, 675 F.3d 650, 664 (7th Cir. 2012); *see also Phillips v. Sheriff of Cook Cnty.*, 828 F.3d 541, 554 n.31 (7th Cir. 2016) (reaffirming this due process standard for deliberate indifference claims by pretrial detainees notwithstanding *Kingsley v. Hendrickson*, --- U.S. ---, 135 S. Ct. 2466, 2475 (2015), which applied a less demanding objective reasonableness standard to pretrial detainee's claim of excessive force by correctional officers). To state an Eighth Amendment claim based on allegedly unconstitutional conditions of confinement, an inmate must allege that: (1) he was housed under conditions that were "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities" and (2) the defendant was deliberately indifferent to that risk. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

As to the first factor, life's necessities include "reasonably adequate . . . sanitation [and] hygienic materials." *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006) (quotation marks and citation omitted); *see also Smith v. Dart*, 803 F.3d 304, 309-10 (7th Cir. 2015). When assessing the objective severity of conditions of confinement to determine whether an inmate has been denied one of life's necessities, the Court must consider their nature, duration, and any harm caused by the conditions. *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012). Even if an individual condition of confinement is not serious enough to violate the Constitution, conditions may cumulatively do so "when they have 'a mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd v. Motley*, 711 F.3d 840, 842-43 (7th Cir. 2013) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)). Here, taken together, the unsafe conditions described by Plaintiff—including that the showers are not cleaned properly, back up and flood continuously, are covered in mold and mildew, and contain urine, hair, and bacteria are sufficiently objectively serious to state a constitutional violation. *Burton v. Dart*, No. 14 C 10297, 2015 WL 5175143, at *2 (N.D. Ill. Sept. 3, 2015) (allegations that unsanitary and unhygienic conditions of confinement, including exposure to mold, mildew, and fungus, caused plaintiff to develop physical and mental injuries were sufficient to survive a motion to dismiss).

The Court thus turns to whether Plaintiff has adequately alleged that each Defendant was deliberately indifferent to those conditions—i.e., that each knew about the particular unhygienic or dangerous conditions but did not take reasonable steps to resolve them. *See Farmer*, 511 U.S. at 834 (holding that the subjective prong focuses on whether officials were aware of facts supporting an inference that a substantial risk of serious harm exists and drew that inference). Construed generously, Plaintiff alleges that obvious unsafe conditions impacted the showers available for use in Division 3A of the Jail. Because the conditions Plaintiff challenges are "potentially systemic," rather than "clearly localized," the warden or other high-level officials at the prison with knowledge of the overall conditions may potentially be held liable in their individual capacity for their failure to act reasonably. *See*, *e.g.*, *Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996) (explaining that inference of personal involvement by senior official is justified when complaint alleges "potentially systemic," rather than "clearly localized," constitutional violations). *See Farmer*, 511 U.S. at 834. Plaintiff thus states a claim against Sheriff Thomas Dart due to the allegedly systemic conditions. Plaintiff also states a claim against Defendants Reyes and Booker because he specifically pleads that he complained to them and they did nothing to rectify the alleged unconstitutional conditions of confinement.

[4]

Accordingly, Defendants Dart, Harris, Jones, Reyes, and Booker must respond to the complaint. Nothing in this order, which is based on preliminary review of the complaint, precludes any legal argument that Defendants may advance in response to Plaintiff's allegations.

However, Plaintiff may not proceed on his third claim regarding retaliation and failure to protect in Division 10 of the Jail. Initially, he never identifies any Defendant who personally violated his rights. To be held liable under section 1983, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. of Oak Park,* 430 F.3d 805, 810 (7th Cir. 2005). There is no *respondeat superior* liability under section 1983. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Supervisors can only be held responsible for the constitutional violations of their subordinates if the violation occurred at the supervisor's direction or with his or her knowledge and consent. *See Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). So, to the extent Plaintiff is attempting to name Sheriff Dart in his supervisory capacity he fails to state a claim.

Further, the Court finds that the claims Plaintiff raises with regard to his time in Division 10 are misjoined. That is, Plaintiff is attempting to bring unrelated claims against different Defendants. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007.) Plaintiff identifies all of the other Defendants, aside from Sheriff Dart, as working in other cellhouses and as to Dart, as stated above, Plaintiff has not pleaded his personal involvement in any alleged violation of his rights while housed in Division 10. If Plaintiff wishes to pursue claims against the unnamed persons who he believes retaliated against him and failed to protect him from harm at the hands of another prisoner, he will have to file a separate suit and pay the required filing fee.

Plaintiff names a Defendant Consolin in the caption of his complaint, but makes no factual claim against him or her in the body of the complaint. A plaintiff "cannot state a claim against a defendant [merely] by including the defendant's name in the caption" of the complaint. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Black v. Lane*, 22 F.3d 1395, 1401 and n. 8 (7th Cir. 1994) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). Plaintiff also names Cook County Employees and CCDOC as Defendants. As to "Cook County Employees," it is unclear what employees Plaintiff refers to and what they might have done to violate his rights. As such, Plaintiff has not satisfied the notice pleading requirements of Rule 8(a) and has failed to state a claim against them. *See Twombly,* 550 U.S. at 555. Finally, the CCDOC is not a proper Defendant (*i.e.*, it is not the type of entity that can be named and held liable in a § 1983 action). *See Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993). Accordingly, Defendants Consolin, Cook COunty Employees, and CCDOC are dismissed as Defendants.

The Court directs the Clerk to issue summonses for service of the complaint on Defendants Dart, Reyes, Harris, Booker, and Jones (hereinafter, "Defendants"). The Clerk of Court is directed to mail Plaintiff five blank USM-285 (U.S. Marshals service) forms. The Court advises Plaintiff that a completed USM-285 form is required for each named Defendant. The U.S. Marshal will not attempt service on a Defendant unless and until the required form is received.

[5]

Plaintiff must therefore complete and return a service form for each Defendant, and failure to do so may result in the dismissal of the unserved Defendant, as well as dismissal of this case in its entirety for lack of prosecution.

The Court appoints the U.S. Marshals Service to serve Defendants. The Court directs the U.S. Marshal to make all reasonable efforts to serve Defendants. With respect to any former employee of the Cook County Department of Corrections who can no longer be found at the work address provided by Plaintiff, CCDOC officials must furnish the U.S. Marshal with the Defendant's last-known address. The U.S. Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the U.S. Marshal. Address information will not be maintained in the Court file nor disclosed by the U.S. Marshal, except as necessary to serve Defendants. The U.S. Marshal is authorized to send a request for waiver of service to Defendants in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion seeking attorney representation is denied at this time. Although "[t]here is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In making the decision whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on his own behalf or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). This analysis does not focus solely on the plaintiff's ability to try the case, but on his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Factors to be considered include: (1) the stage of litigation, *Romanelli v. Suliene*, 615 847, 852 (7th Cir. 2010) (holding that it is difficult to make an accurate determination regarding plaintiff's ability        to litigate the matter when case is still in "its infancy"); (2) plaintiff's submissions and pleadings, *Olson*, 750 F.3d at 712 (well-written pleadings and appearance that plaintiff can follow instructions indicate that counsel is not needed); (3) medical and mental issues, *Olson*, 750 F.3d at 712; (4) transfer to a different facility, *Junior v. Anderson*, 724 F.3d 815 (7th Cir. 2013) (transfer to a different facility may impede plaintiff's ability to obtain including affidavits/declarations from others to support his/her claim); (5) plaintiff's capabilities, including intelligence (IQ), literacy, degree of education, communication skills, and litigation experience, *Pruitt*, 503 F.3d at 655; *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (recruitment of counsel required for a blind inmate with a tenth-grade education); *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014) (enlistment of counsel was necessary for a functionally

[6]

illiterate inmate); and (6) complexity of the case, *Dewitt*, 760 F.3d at 658; *Henderson*, 755 F.3d 566; *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010); *Pruitt*, 503F.3d at 655-56.

       After considering the above factors, the Court concludes that solicitation of counsel for Plaintiff is not currently warranted. First, Plaintiff has not demonstrated that he has made reasonable efforts to retain an attorney on his own prior to seeking the Court's aid. Using resources available to him, such as the law library or postings of legal resources, he should write to attorneys or legal organizations, describe his claims, and ask them to represent him free of charge in this matter. He should keep track of his efforts and the responses he receives and explain them to the Court in any future motion seeking counsel. Second, all that is required of Plaintiff to proceed with the case at this time is to complete and return service forms for Defendants. While the Court has little information from which to gauge Plaintiff's ongoing ability to litigate this case, he appears sufficiently capable to complete and return the service form as required. Third, while Plaintiff pleads mental illness, he also pleads that he has found the assistance of a fellow inmate, and Plaintiff has submitted pleadings and materials sufficient to withstand initial review pursuant to 28 U.S.C. § 1915A, indicating he may be able to prosecute his claims on his own. The Court will be in a better position to evaluate Plaintiff's abilities once Defendants have appeared and responded to the complaint. Finally, the Court gives wide latitude to *pro se* litigants. Plaintiff's motion for attorney representation is denied without prejudice to later renewal as the case progresses.

**Date: October 27, 2017**

**AMY J. ST. EVE**
**United States District Court Judge**

[7]